In re WEST 218TH STREET IN CITY OF NEW YORK (No. 5990.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

MUNICIPAL CORPORATIONS (§ 472*)—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS.

> The center line of a newly opened street was upon the boundary between the lands of two adjoining proprietors, whose properties were physically separated by a stone wall running along the line. Upon the south a private way 40 feet in width had been dedicated to the public and was used by owners whose lands abutted thereon, but was not open to use by the owners of the lands upon the north. *Held* that, where the assessment of benefits against the proprietors of the lands on the south of the street exceeded the award of damages by over $10,000, the report of the commissioners of assessment would not be rejected because unjust to the proprietors of the lands upon the north, where the benefits assessed were about $15,000 less than the amount awarded them as damages, for the newly opened street was obviously of greater benefit to the proprietors of the lands on the north side than the south.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1120; Dec. Dig. § 472.*]

Appeal from Special Term, New York County.

In the matter of the acquisition by the City of New York of land for the opening of West 218th Street. From an order of the Special Term, refusing to confirm a report of the Commissioners of Assessment objected to by the City Real Estate Company, the City of New York appeals. Order reversed, and report confirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Frank L. Polk, Corp. Counsel, of New York City (John J. Kearney, of New York City, of counsel, and Joel J. Squier, of New York City, on the brief), for appellant City of New York.

John Whalen, of New York City, for respondent City Real Estate Company.

CLARKE, J. This is the ordinary street opening proceeding.

The sole question presented is the distribution of the assessment for benefit. So much of the report as assesses the damages has been finally confirmed. The matter has been several times to the Special Term from the reports of the commissioners. The appeal arises out of a peculiar state of facts and the failure of the court and the commissioners to agree.

West 218th street was laid out on the official map of New York in 1884. Its width is 80.' The territory in controversy lies west of Broad-

way and extends to Seaman avenue. The center line of this street formed the ·boundary between the lands of Dyckman to the north of this center line and the land of Drake to the south; the two properties being physically separated by a stone wall running along said line.

Drake had filed a map dedicating, as between himself and his grantees, a street of 40 feet in width, which took in the southerly half of this street, and had sold lots abutting on a portion of the street he had so dedicated and also on the other streets to the south embraced within the tract of land which he subdivided. The City Real Estate Company, the respondent here, derived title to the northerly half of the street designated as damage parcel No. 1 through the Dyckmans. In their first report the commissioners made an award for the northerly half of the street, as well as for the southerly half, on the theory that all the land acquired was burdened with easements for street purposes; the fee title being in the abutters. Their award for damage parcel No. 1 on this theory for land and improvements was $6,720, and they assessed the land on both sides of West 218th street at the same rate. The motion to confirm the first report was opposed by the Dyckmans on the ground that the award was made on an erroneous theory, because, as they claim, no dedication was made of their land, forming the northerly half of West 218th street between Broadway and Seaman avenue. No objection was made to the awards for the southerly half of·the street by the successors in title to Drake. The objection of the Dyckman estate was sustained by the court, and the report was returned to the commissioners. The commissioners then made a new preliminary report in which they awarded for the northerly half of the street $67,680. In making this award, they considered that the owners of the plot had a frontage on the southerly half of West 218th street. On the objection of the city the commissioners reduced the award to $40,970, based on the assumption that the owner of damage parcel No. 1 possessed no easements of light, air, and access over the southerly half of West 218th street, which had been dedicated by Drake for the benefit of the lands southerly thereof and which was physically divided by said stone wall from the northerly half, and assessed again the lands on both sides of the street, for benefit, at the same rate. This award, together with interest, bringing it up to $42,035.22, was confirmed. Upon the motion to confirm the assessments for benefit, the objection of the City Real Estate Company was sustained; the court saying:

"The commissioners' finding as to relative benefit conferred upon the property involved in this proceeding is not just to the owners of property north of 218th street. The burden of assessment placed upon that property is greatly out of proportion to the relative benefit conferred. The property south of 218th street should bear a substantially larger part of the assessment with a corresponding diminution in favor of property north of 218th street. The matter will be returned to the commission for their further action."

The commissioners thereupon met again, took testimony, inspected the premises, and increased the assessment on the southerly side and reduced it on the northerly side. For the property of the City Real Estate Company which is taken it is to receive upwards of $42,000,

and it obtains a frontage of 871' on an 80' public street including a Broadway corner. The awards made by the commissioners for the southerly half of the street amount to $3,470; the aggregate assessment against the abutting land on this side of the street is $17,210.76. Therefore the owners of the land fronting on the southerly side are assessed nearly $10,000 in excess of their awards. The real estate company is assessed $26,566.55, which is about $15,000 less than it is to be paid. The court refused to confirm, again upon the ground that it worked an injustice on the owners of the property on the north side.

We are not furnished with the reason for the action taken by the court, nor is any rule laid down. The ground may be that there is more territory in the benefited region below 218th street than there is north of it. But, on the other hand, that section had a street which gave it complete access to Broadway, although but 40' in width, which had been dedicated by the owners and for which comparatively nothing had been awarded in this proceeding, whereas the property to the north had no street at all prior to the opening because it had no rights in the private street. The owners now have an 80' street which greatly enhances the value of their property and for which they have been handsomely paid. It seems to us that the commissioners proceeded upon a proper theory. This being so, the court is reluctant to interfere with their actual awards.

The order should be reversed, and the report confirmed, with costs to the appellant. All concur.